# United States District Court
# Central District of California

| | |
|---|---|
| ERIK GHUKASYAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BMW OF NORTH AMERICA, LLC, et al.,<br><br>　　　　　Defendants. | Case № 2:18-CV-09371-ODW (ASx)<br><br>**AMENDED ORDER DENYING MOTION FOR ATTORNEYS' FEES, PARALEGAL FEES, AND COSTS [41]** |

## I.　INTRODUCTION & BACKGROUND

Plaintiff Erik Ghukasyan initiated this action under the Song-Beverly Consumer Warranty Act ("Song-Beverly") against Defendant BMW of North America ("BMWNA"). (*See* Notice of Removal ("Notice") Ex. A ("Compl."), ECF No. 1-1.) BMWNA made an offer of judgment pursuant to Federal Rule of Civil Procedure ("Rule") 68, which Ghukasyan accepted. (Rule 68 Offer, ECF No. 20; Rule 68 Offer & Acceptance ("Rule 68 O&A"), ECF No. 21.) Accordingly, on October 8, 2019, the Court entered Judgment pursuant to the terms of the accepted Rule 68 Offer. (*See* J., ECF No. 30.) Nearly one year later, on October 5, 2020, Ghukasyan filed the present motion for fees and costs pursuant to California Civil Code section 1794(d). (Mot. for Att'ys' Fees, Paralegal Fees, & Costs ("Motion" or "Mot."), ECF No. 41.) The

Motion is fully briefed. (*See* Opp'n to Mot., ECF No. 42; Reply, ECF No. 44.) For the reasons discussed below, the Court **DENIES** the Motion.[1]

## II. FAILURE TO COMPLY WITH LOCAL RULES

As a preliminary matter, Ghukasyan asks the Court to disregard BMWNA's Opposition and grant the Motion as unopposed because BMWNA filed its Opposition late. (Reply 2, 6.) Any opposition to a motion must be filed no later than twenty-one days before the date set for hearing. C.D. Cal. L.R. 7-9. Local Rule 7-12 provides that the "Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule," and that "failure to file it within the deadline[] may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12. Ghukasyan noticed the Motion for hearing on November 9, 2020. (*See* Mot. 1.) Therefore, BMWNA's Opposition was due twenty-one days earlier, on October 19, 2020, which is when it was filed. *See* C.D. Cal. L.R. 7-9; (*see* Opp'n to Mot.) BMWNA's Opposition was not late.

Ironically, Ghukasyan asks the Court to strictly enforce the Local Rules to his advantage, but his Reply fails to comply with the Local Rules. This Court's Standing Order states, "Filings that do not conform to the Local Rules and this Order will not be considered." Standing Order, Hon. Otis D. Wright II, § VII.A.3, https://www.cacd.uscourts.gov/honorable-otis-d-wright-ii. Ghukasyan's Reply is fifteen pages long and lacks tables of contents and authorities, in violation of this Court's Standing Order and the Local Rules. (*See* Reply); Standing Order § VII.A.3 ("Replies shall not exceed 12 pages."); C.D. Cal. L.R. 11-8 (requiring tables for memoranda exceeding ten pages). As Ghukasyan's Reply fails to comply with this Court's Standing Order and the Local Rules, the Court does not consider it.

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

### III. DISCUSSION

A buyer who prevails in an action under Song-Beverly shall be allowed to recover "as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred." Cal. Civ. Code § 1794(d). Rule 54 provides the procedure for requesting attorneys' fees in federal court: "A claim for attorney's fees . . . must be made by motion," except in circumstances not applicable here, and must "be filed **no later than 14 days after the entry of judgment**." Fed. R. Civ. P. 54(d)(2) (emphasis added);[2] *see also* C.D. Cal. L.R. 54-7 ("Any motion or application for attorneys' fees shall be served and filed within fourteen (14) days after the entry of judgment or other final order, unless otherwise ordered by the Court."). "Failure to comply with the time limit in Rule 54 is a sufficient reason to deny a motion for fees absent some compelling showing of good cause." *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 972 (9th Cir. 2007) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 889–90 (9th Cir. 2000)).

Ghukasyan's Motion is untimely, and he does not show a compelling reason for his delay. The Court entered Judgment on October 8, 2019, pursuant to Ghukasyan's acceptance of BMWNA's Rule 68 Offer of Judgment. (*See* J.) The Judgment incorporated the terms of the Rule 68 Offer, including that BMWNA "will pay Plaintiff's costs, expenses, and attorney fees, in accordance with Civil Code section 1794, subdivision (d), *as determined by agreement of the parties or by noticed Motion*." (J. ¶ 3 (emphasis added); Rule 68 O&A Ex. B ¶ 3, ECF No. 21-2.) The Court made no orders regarding the time for filing a fee motion. Therefore, Rule 54 and Local Rule 54-7 apply, and any fee motion was due within fourteen days of the

---

[2] Ghukasyan cites California Code of Civil Procedure section 1033.5 for the procedure governing this fee motion. (Mot. 8, 19.) In this diversity action, California law determines whether Ghukasyan is *entitled* to attorneys' fees, but "the *procedure* for requesting an award of attorney fees is governed by federal law." *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009) (emphasis added) (quoting *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007)).

Judgment, or by October 22, 2019. *See Kline v. J2 Glob., Inc.*, No. 2:19-c-00667-SVW (AFMx), 2019 WL 4137617, at *3 (C.D. Cal. May 8, 2019) (finding fee motion untimely under the Federal and Local Rules where the court had made no orders regarding the timing of a fee motion). Ghukasyan filed his Motion on October 5, 2020, nearly *one year later*. Thus, Ghukasyan's Motion is untimely, and he has waived his claim to attorneys' fees. *See Port of Stockton v. W. Bulk Carrier KS*, 371 F.3d 1119, 1122 (9th Cir. 2004) ("By failing to file an appropriate motion within the relevant time limit . . . the Port waived any claim to attorneys' fees . . . .").[3]

Ghukasyan has not moved to extend the time to file under Rule 6(b), nor has he shown the requisite excusable neglect to merit relief under that Rule. *See In re Veritas*, 496 F.3d at 973 (discussing that, to find excusable neglect, a court must consider the (1) danger of prejudice to the opposing party, the (2) length and (3) reason for the delay, and (4) the movant's good faith) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). As Ghukasyan provides no justification for failing to file the Motion within the time limits of Rule 54 and Local Rule 54-7, he has not shown a compelling reason for the delay. *See id.* at 972 (affirming denial of attorneys' fees motion because it was filed fifteen days late and movant did not show a compelling reason for the delay); *see, e.g.*, *Fredericksen v. Ford Motor Co.*, No. 2:19-CV-02186-R (JPRx), 2019 WL 8060746, at *1–2 (C.D. Cal. Oct. 17, 2019) (denying untimely fee motion where plaintiff did not show good cause for failure to comply with Rule 54); *Gonzalez v. Planned Parenthood of L.A.*, No. CV 05-08818-BRO (FMOx), 2015 WL 12659936, at *7 (C.D. Cal. Feb. 4, 2015) (same). Accordingly, the Court **DENIES** the Motion as untimely and lacking good cause for the failure to comply with Rule 54 and the applicable Local Rules.[4]

---

[3] Similarly, Ghukasyan's request for costs is also untimely. *See* C.D. Cal. L.R. 54-2.1 (requiring an Application to the Clerk to Tax Costs to be filed within fourteen days after "entry of judgment or order under which costs may be claimed"); *Kline*, 2019 WL 4137617, at *1–2 (denying request for costs in fee motion as untimely under Local Rule 54-2.1).

[4] Nothing in the Reply alters this conclusion; it offers no legitimate basis or justification for the near-twelve-month delay. (*See generally* Reply.)

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Ghukasyan's Motion for Attorneys' Fees, Paralegal Fees, and Costs. (ECF No. 41.)

**IT IS SO ORDERED.**

April 27, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**